Roadmaster Auto Sales, Inc. v. McSweeney, No. S1344-10 CnC (Tomasi, J., Mar. 30, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT  
Chittenden Unit

CIVIL DIVISION  
Docket No. S1344-10 CnC

|  |  |
|---|---|
| James and Paula McSweeney, | ) |
| Plaintiffs/Appellees, | ) |
| v. | ) |
| Roadmaster Auto Sales, Inc., | ) |
| Defendant/Appellant. | ) |

Defendant/Appellant Roadmaster Auto Sales, Inc. appeals from a judgment entered against it in the Small Claims Court in the amount of $4,859.16 in damages, $103.44 in service fees, and $75.00 in filing fees. The lower court concluded that Roadmaster had violated Vermont's Consumer Fraud Act (the "CFA") in connection with its failure to return a $100.00 deposit that the McSweeneys had placed on a vehicle. *See* 9 V.S.A. § 2453. Based upon that violation, it awarded the McSweeneys their damages, including attorney's fees, and their costs of suit. *Id*. § 2461(b).

On appeal, Roadmaster challenges the conclusions of the Small Claims Court contending that the parties entered into a written contract that entitled Roadmaster to retain the deposit as liquidated damages. It also asserts that the attorney's fees are not reasonable, *inter alia*, because the billing entries are not set out in sufficient particularity and detail as to time increments and because the hourly rate charged by the McSweeneys' counsel

is not appropriate for small claims practice. The McSweeneys counter that the provisions of the written contract cannot overcome the oral representations made by Roadmaster that the deposit would be returned to them, that the provision of the contract purportedly entitling Roadmaster to retain the deposit as "liquidated damages" is not enforceable under Vermont law, that Roadmaster waived any arguments regarding attorney's fees by not raising them below or in its statement of issues on appeal, and that, in any event, the billing entries and hourly rate are reasonable.

On March 16, 2011, the matter came before the Court for a hearing. The Court entertained the arguments of counsel and afforded the parties the opportunity to submit post-argument memoranda on the issue of waiver. Roadmaster submitted a brief memorandum on that point. For the reasons that follow, the Court affirms the decision below.

## Standard of Review

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims procedure." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the Small Claims Court has applied the correct law, this Court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2,* 171 Vt. 542, 543 (2000) (*mem.*).

## Analysis

In this case, the lower court correctly applied the provisions of the CFA. To establish liability under the CFA, a plaintiff must establish: (1) a misrepresentation or omission that was likely to mislead consumers; (2) that the consumers at issue reasonably interpreted the statements/omissions under the circumstances; and (3) that the statements/omissions were "material," *i.e.,* they influenced the consumer's conduct or decision making. *See Jordan v. Nissan N. Am., Inc.*, 2004 VT 27 ¶5, 176 Vt. 465, 468.

Here, based upon this Court's review of the statements and findings of the lower court, each of the above elements has been established. The Small Claims Court found that the McSweeneys gave Roadmaster a $100.00 deposit on a vehicle in order to "hold" the car from a Wednesday to a Friday. During that period, the McSweeneys were to determine whether they could obtain the funds necessary to purchase the car. They called Roadmaster on Thursday to say that they could not obtain the necessary funds, but Roadmaster refused to return the full amount of the deposit.

As to the deposit, the Small Claims Court found that the oral agreement entered into between the McSweeneys and Roadmaster "clearly" contemplated that if the McSweeneys did not obtain financing and informed Roadmaster in advance of the Friday deadline, they would "get it back." That conclusion is well supported by the consistent hearing testimony of the both of the McSweeneys.

3

After making such an oral agreement, Roadmaster then required the McSweeneys to sign a "contract" that contains a directly contrary provision. The contract states, in reduced print, that the deposit will be retained by Roadmaster as "liquidated damages" should the customer fail to consummate the transaction.

A business that provides customers with two such divergent statements regarding whether a refund is or is not refundable is certainly likely to mislead consumers. At a bare minimum, as the lower court found, it would been incumbent on the business to make clear to the customers that the deposit was not refundable and any failure to do so would be a misleading omission on the part of the business.

Similarly, there is no error in the Small Claims Court's conclusions: (1) that the McSweeneys reasonably interpreted Roadmaster's statements to indicate that the deposit was refundable, and (2) that the McSweeneys decision to provide the deposit turned on whether it was, in fact, refundable. Each of those points was supported by the testimony of the McSweeneys and the lower court's assessment of what an objectively reasonable customer would have thought under the circumstances of this very short deposit period. As a result, the Small Claims Court's ultimate determination that

4

Roadmaster violated the CFA is more than adequately supported by the record.[1]

As to Roadmaster's challenge to the reasonableness of the award of attorney's fees, the Court concludes that any such contention has been waived. The McSweeneys offered a billing sheet from their attorney as an exhibit below in support of their claim for attorney's fees. The claim was also set out in the Complaint. Counsel for the McSweeneys explained in detail to the lower court why the fees were higher than one might usually see in Small Claims Court. Much of that explanation focused on the litigation activities of Roadmaster, which had required the parties to brief and address a number of procedural issues to a number of different courts. Roadmaster was given an opportunity to examine the exhibit, object to its admissibility, ask questions about it or challenge the requested fee in any way. Roadmaster did not object to the fees or challenge them as excessive, either as to hours spent or rate charged. Just prior to entering judgment, the lower court, again, offered Roadmaster the opportunity to submit any additional evidence or say anything else. Roadmaster remained silent. In addition, Roadmaster's Notice of Appeal, *see* V.R.S.C.P. 10(a), lists a number of issues it wished to contest on appeal, but attorney's fees was not listed among them.

---

[1] As the Court finds a violation of the CFA based on the findings described, it does not reach the issue of whether the liquidated damages provision of the contract at issue may provide an independent basis to claim a violation of the CFA.

5

As the Vermont Supreme Court has consistently held in an analogous context: "Failure to raise an issue before the trial court precludes raising it on appeal." *Adams v. Adams*, 2005 VT 4 ¶15, 177 Vt. 448, 454; *see Fyles v. Schmidt*, 141 Vt. 419 422-23 (1994). In *Burton v. Jeremiah Beach Parker Restoration & Construction Management Corporation,* the Court applied that rule to reject both a challenge to an award of litigation costs where the costs had not been challenged below, and a request for a hearing as to attorney's fees where the challenging party had not requested such a hearing in the trial court. 2010 VT 55, ¶¶12-13 (mem.); *see Boston Old Colony Ins. Co. v. Lumbermens Mut. Cas. Co.*, 889 F.2d 1245, 1248 (2d Cir. 1989) (failure timely to challenge attorney's fee request precludes appellate review).

Roadmaster's contention that the above rule should not be applied in this case, because it was unrepresented below and because the rule is not consistent with the informal small-claims process, is not persuasive. The Court is not suggesting that an unrepresented party must speak with the precision or knowledge of an attorney. It does not violate the spirit of the small claims process, however, simply to require that a party alert the Court and the opposing party when it disagrees with or wishes to challenge a particular position or point. To hold otherwise would permit a litigant to obtain multiple small claims hearings as a result of matters that should have been, but were not, raised at prior hearings. Such a result invites gamesmanship and multiple bites at that apple, both of which are in

contravention of V.R.S.C.P. 1's admonition that the Rules should be interpreted to "secure the simple, informal, and inexpensive disposition of every action."[2]

## Conclusion

In light of the foregoing, the ruling of the Small Claims Court is AFIRMED.

Dated at Burlington, Vermont this 30th day of March, 2011.

-------------------------------
Timothy B. Tomasi
Superior Court Judge

---

[2] While it does not affect the Court's determination, the Court is also mindful that a remand solely on the issue of attorney's fees would likely generate a claim for additional fees covering both the appeal and the remanded proceeding. *See, e.g., Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (awarding fees for time spent defending attorney's fee application), *aff'd on other grds*, 448 U.S. 122 (1980). The Court is confident that any possible downward adjustments to the claimed fees that might result from a remand likely would be more than eclipsed by such a claim for additional fees.

7