## 2011 VT 70

**TROMBLY PLUMBING & HEATING v. Edward A. QUINN, Thomas J. Quinn, and Regina Gority**

[25 A.3d 565]

No. 10-198

¶ 1. July 6, 2011. This case arises out of a construction contract dispute between contractor Trombly Plumbing & Heating and homeowners Edward Quinn, Thomas Quinn, and Regina Gority. The trial court entered judgment for homeowners on contractor's claims and dismissed homeowners' counterclaims. It also made no award of attorney's fees. Contractor argues the trial court erred by: (1) improperly placing the burden of proof on contractor with respect to homeowners' defenses and making insufficient findings to support its decision, and (2) improperly applying the "substantially prevailing party" standard under the Prompt Payment Act, 9 V.S.A. §§ 4001-4009. Homeowners cross-appeal, arguing the trial court erred in finding that homeowners were not qualified to offer testimony as to damages for the corrective work performed. We affirm.

¶ 2. In the summer of 2007, contractor and homeowners agreed that contractor would perform services relating to the heating and hot water systems of home-

owners' residential vacation property. Contractor wrote up a proposal for homeowners' review. Homeowners signed off on the proposal, and work began in August 2007. The total cost of the job as proposed was about $28,000. After a final walk-through of the property in late fall 2007, contractor billed homeowners for a final balance of $7,113.40. Homeowners did not pay this balance because it was for work they claimed was not performed correctly and completely in accordance with their agreement.

¶ 3. Between November 2007 and February 2008, homeowners experienced a number of problems with the home that they attributed to contractor's work, such as pipes freezing and furnaces shutting down and leaking. Homeowners were concerned about whether contractor had installed the boiler vents with sufficient clearance distance from the ground. They were also displeased with the aesthetics of contractor's work, especially the placement of wires and pipes on the exterior of walls.

¶ 4. Contractor brought an initial action for breach of contract and violation of the Prompt Payment Act, 9 V.S.A. §§ 4001-4009, seeking the balance due plus the cost of collection. Homeowners counterclaimed for breach of contract, negligence, intentional misrepresentation, negligent misrepresentation, fraudulent misrepresentation, and consumer fraud. They sought actual and punitive damages, as well as litigation costs.

¶ 5. At trial, contractor introduced evidence of the contract, the work completed, and homeowners' failure to pay the final invoice. Homeowners did not challenge the existence of the contract or the amount of the unpaid invoice. Instead, they disputed the quality of contractor's work. They described the multiple problems that had required additional corrective work but did not offer expert testimony regarding the quality of the work or the problems' potential causes. Contrac-

tor also admitted on the record that the placement of certain vents could be a health hazard and that certain wires and pipes were attached to the walls' exterior, rather than placed within walls.

¶ 6. The trial court read its decision into the record. It ultimately decided that contractor could not recover from homeowners and homeowners could not recover from contractor, and each party would bear its own costs and fees. The court found that homeowners were not liable to contractor for anything beyond what they had already paid because the work "was not well done," there were many problems with the work, and the problems were not resolved until another plumber came to fix them. The court thus found homeowners to be the prevailing parties on contractor's claims because contractor did not prove its case by a preponderance of the evidence. As contractor did not prevail on the merits of the case, the court found there could be no award of attorney's fees. The court also dismissed all of homeowners' counterclaims. It found that the evidence submitted was insufficient, given that there was no testimony from anyone who did repair work about the problems that had to be corrected or whether the amounts paid for corrective work were fair and reasonable. The court issued a written judgment implementing the oral decision.

¶ 7. On appeal, contractor argues that the trial court committed reversible error by: (1) improperly placing the burden of proof on contractor with respect to homeowners' defenses and counterclaims and making insufficient findings to support this aspect of its decision; and (2) applying the wrong legal standard with respect to a determination of the "substantially prevailing party" under the Prompt Payment Act. Homeowners argue on appeal that the trial court erred in finding that they were not qualified to submit evidence and testify as to damages in connection with the corrective work done.

554

¶ 8. Contractor first argues that the trial court improperly allocated the burden of proof on homeowners' defenses to contractor. Contractor contends that he made out a prima facie case with respect to his claims of breach of contract and Prompt Payment Act violation, but the trial court essentially required him to prove that his work was not substandard. Relatedly, contractor argues that the trial court made insufficient findings to support a judgment in favor of homeowners on contractor's claims. We disagree.

¶ 9. It is true that contractor made out a prima facie case under the Prompt Payment Act, but homeowners responded by disputing the quality of contractor's work. See 9 V.S.A. § 4007(a) ("Nothing in this chapter shall prevent an owner . . . from withholding payment in whole or in part under a construction contract in an amount equalling the value of any good faith claims against an invoicing contractor . . . , including claims arising from unsatisfactory job progress, defective construction, [or] disputed work . . . ."); see also *Electric Man, Inc. v. Charos*, 2006 VT 16, ¶ 12, 179 Vt. 351, 895 A.2d 193 ("A claim of failure to pay will virtually always be met with some defense that reflects a breakdown in the working relationship between the owner and the contractor — for example, as here, a defense of breach of contract or defective workmanship. In fact, the prompt payment act specifically contemplates owners withholding payments in good faith . . . ."). The trial court found that contractor's work was not well done. Thus, the trial court found that homeowners would not be liable to contractor beyond what they had already paid — a finding, in essence, that homeowners had withheld an amount equaling their good faith claims against contractor. It concluded that homeowners prevailed on contractor's claims for further payment. While the trial court's articulation of its decision may have appeared to place the burden on contractor,

it did not result in any injustice to contractor. Given the ample evidence that contractor's work was substandard, a different application of the burden would not have changed the result. The trial court's conclusion was supported by its findings, and we have no reason to disturb it. *Waterbury Feed Co., LLC v. O'Neil*, 2006 VT 126, ¶ 6, 181 Vt. 535, 915 A.2d 759 (mem.) (explaining that we uphold trial court's conclusions if reasonably supported by findings).

¶ 10. Contractor argues, however, that the trial court made insufficient findings to support its conclusion. In particular, he challenges the lack of specificity in the court's findings, as well as what he perceives as internal inconsistency in the findings. On appeal, we uphold findings of fact unless they are clearly erroneous. *Naylor v. Cusson*, 2007 VT 108, ¶ 7, 182 Vt. 627, 940 A.2d 717 (mem.); see V.R.C.P. 52(a)(2). The trial court's findings will stand if there is reasonable and credible evidence to support them. *Naylor*, 2007 VT 108, ¶ 7. Here, although minimal, the trial court's findings were sufficient. The trial court found enough to allow us to understand and review its judgment in homeowners' favor. There was more than enough evidence at trial to support the court's finding that contractor's work was not performed well, including evidence of breakdowns of the plumbing and heating system following his work, installation of vents with inadequate clearance, and stapling of wires to the outside of walls, in addition to contractor's various admissions regarding substandard work. Even though the trial court did not make specific findings regarding homeowners' good faith claims and the amount withheld, we presume that a general finding in favor of one party is a finding of every fact necessary to sustain it. See *Naylor*, 2007 VT 108, ¶ 15 (explaining that finding on workmanship was not "impermissibly conclusory" where trial court judge did not itemize construction complaints in

order); *In re Heath*, 128 Vt. 519, 523, 266 A.2d 812, 815 (1970) ("A general finding in favor of one party or another is a finding of every special fact necessary to sustain it and is conclusive as to such facts, if there is evidence to support a finding of their existence.").

¶ 11. Contractor nonetheless faults the trial court for failing to make more specific findings, given that the parties submitted proposed findings. Contractor relies on our aside in *Naylor* that "greater specificity in a trial court's order may be required where the parties submit proposed findings of itemized facts." 2007 VT 108, ¶ 15. This reliance is misplaced. In *Naylor*, we did not require greater specificity in trial court orders where parties submit proposed findings of itemized facts. We merely stated that the homeowners' lack of a request for specific findings in that case undermined their assertion that the trial court's findings lacked required specificity. *Id.* We agree that more specific findings are always helpful to the reviewing court — but the trial court did not commit error here with its more general findings. Because we find the trial court's findings sufficient, we need not address contractor's argument that the trial court was obliged to make more precise findings because contractor requested written findings.

¶ 12. Contractor argues that the trial court's judgment in favor of homeowners on contractor's claims "cannot be squared" with the trial court's express finding that homeowners failed to prove each and all of their claims. Contractor misconstrues the trial court's findings. The trial court dismissed homeowners' counterclaims only because they failed to produce the experts who did the work, and the trial court deemed their own testimony insufficient evidence as to the exact corrective work done and reasonableness of the amounts paid. This is not inconsistent with its findings that contractor performed substandard work or that,

in withholding the unpaid balance, homeowners withheld the value of their good faith claims against contractor.

¶ 13. Next, contractor contends that the trial court misapplied the standard for determining substantially prevailing party status under the Prompt Payment Act. The Prompt Payment Act requires the court to award attorney's fees to the party it finds has substantially prevailed. 9 V.S.A. § 4007(c); see *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, ¶ 10, 178 Vt. 77, 872 A.2d 292. The trial court has discretion, however, in determining which party, if any, "substantially prevailed." *Fletcher Hill*, 2005 VT 1, ¶ 12. Contrary to contractor's argument, the trial court did not misapply the standard. In its discretion, the trial court found that neither party would be awarded attorney's fees under the Prompt Payment Act. See *Burton v. Jeremiah Beach Parker Restoration & Constr. Mgmt. Corp.*, 2010 VT 55, ¶ 8, 188 Vt. 583, 6 A.3d 38 (mem.) (explaining that trial court applies flexible standard, not net victor approach, to determine substantially prevailing party under Prompt Payment Act). We therefore defer here to the trial court's decision that neither party "substantially prevailed" within the meaning of the statute. See *Fletcher Hill*, 2005 VT 1, ¶ 14 (explaining that Prompt Payment Act does not require finding substantially prevailing party in every case).

¶ 14. Homeowners argue that the trial court erred in finding that they were not qualified to submit evidence and testify as to damages in connection with the corrective work done. The trial court committed no error in this regard. The trial court was within its discretion to conclude that homeowners did not have the requisite knowledge, skill, experience, training or education needed to qualify as experts to testify about the problems requiring correction and whether the amounts paid were fair and reasonable for the corrections made. See V.R.E. 702; *State v*

*Griswold,* 172 Vt. 443, 447, 782 A.2d 1144, 1148 (2001) (explaining that competency of expert witness is threshold question to be determined by exercise of trial court's sound discretion). Because this testimony required knowledge about the trade and, likely, comparison to industry practices, it was not an abuse of discretion for the trial court to require an expert witness.

*Affirmed.*