*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-402

FEBRUARY TERM, 2015

| | | |
|---|---|---|
| Mark Macha | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, Commissioner | } | DOCKET NO. 161-6-14 Oscv |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Petitioner appeals dismissal of his complaint against the Department of Corrections (DOC). Petitioner argues that DOC does not have authority to require him as a low-level offender to complete programming in jail instead of in the community. We affirm.

Petitioner is an inmate under DOC supervision. In June 2014, petitioner filed suit in superior court and styled it as a writ of habeas corpus. Petitioner alleged that he had reached his minimum sentence date, but that DOC was denying him release into the community until he completed certain programming. Petitioner stated this requirement was unreasonable because he had minimal literacy skills and therefore would require a substantial amount of time to comply. The trial court construed petitioner's filing as a complaint under Vermont Rule of Civil Procedure 75 for review of governmental action. Petitioner filed for summary judgment. The State moved to dismiss, arguing that petitioner had failed to exhaust his administrative remedies, and attaching an affidavit attesting that petitioner's administrative grievance to DOC had not yet been resolved. The State also opposed petitioner's request for summary judgment, and again filed to dismiss, this time on the ground that petitioner failed to state a claim because its programming decision was not reviewable.

The court granted dismissal, concluding that the programming decision by DOC was not reviewable by the court, and citing Rheaume v. Pallito, 2011 VT 72, ¶ 11, 190 Vt. 245.

On appeal, petitioner argues that the court improperly dismissed the case without a hearing, and without addressing the substance of his arguments—that DOC lacked authority to require him to complete programming and that he was being denied his constitutional rights.

In reviewing the grant of a motion to dismiss for failure to state a claim, this Court assumes that facts pleaded in the complaint are true and reviews de novo whether it is "beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Martin v. Christman, 2014 VT 55, ¶ 6 (quotation omitted); see V.R.C.P. 12(b)(1). Petitioner's complaint here was a request under Rule 75, which provides a mechanism for judicial review of governmental administrative decisions "if such review is otherwise available by law." V.R.C.P.

75(a). In Rheaume, this Court held that an inmate may seek judicial review under Rule 75 to challenge his classification as a "high risk" sex offender, insofar as such review is expressly granted under 13 V.S.A. § 5411b(b), but that "the particular programming requirements promulgated after that designation becomes final are a matter of DOC discretion and as such are nonreviewable under Rule 75." 2011 VT 72, ¶ 11.

Here, petitioner challenges DOC's authority to require him to complete programming, emphasizing that he is a low-level offender and alleging that under DOC policy he is not required to participate in certain programming. DOC has authority to make decisions regarding treatment of inmates. See 28 V.S.A. § 102(b)(2) (charging DOC with exercising supervisory power to establish and administer programs for treatment of inmates); 28 V.S.A. § 102(c)(8) (charging DOC with classifying inmates and establishing and reviewing a program for each inmate). Unlike the classification decision in Rheaume, there is no statutory authority for the court to review DOC's programming decisions.[*] Petitioner alleges that DOC policy does not allow DOC to require him to complete programming prior to release. The DOC policy referenced by petitioner states:

> In general, the release of Level A offenders on their minimum release date will not be contingent on participation in correctional programming. These offenders may participate in programs if so motivated and if space permits. However, criminogenic need areas will be addressed in community-based programs post-release. Offenders will be held accountable in the community for satisfactory completion of these programs as a condition of their release. Responsible living within the institution, including education and work assignments, shall be the primary focus of case planning for this group.

DOC Directive 371.12, § 4.1.3. Even accepting petitioner's representation that he falls into this category, the policy does not provide an entitlement to release and programming in the community, but sets a "general" standard. This is exactly the type of decision that requires DOC expertise and judgment, and therefore falls outside of court review. See Inman v. Pallito, 2013 VT 94, ¶ 17, 195 Vt. 218 (explaining that programming decisions are not reviewable by court because they involve judgments based on DOC staff expertise and discretion); Rheaume, 2011 VT 72, ¶ 11 (stating that "promulgation of programming requirements falls within the broad discretion of the DOC to determine what mode of treatment best serves individual inmates). Therefore, the court did nor err in granting DOC's motion to dismiss.

There is no merit to petitioner's claim that it was error to resolve the motion without a hearing. Where there is no genuine issue of material fact, the trial court may dispose of a motion without holding a hearing, V.R.C.P. 78(b)(2), and we will not disturb the court's decision to do so "in the absence of an abuse of discretion or a failure to exercise discretion." Driver v. Driver, 148 Vt. 560, 561 (1987) (per curiam). At the outset of this case the trial court directed the parties to file motions within a set time period and indicated: "If neither Party [sic] requests a hearing, the Court will take any and all motions under advisement and rule upon them without a hearing." Although petitioner submitted motions to the court, petitioner did not request a hearing. Therefore, the court acted well within its discretion in deciding the motion without a hearing

---

[*] Although 13 V.S.A. § 5411b(b) provides a statutory basis for judicial review of high-risk sex offender designations, the statute provides such review is per V.R.C.P. 75, not V.R.C.P. 74, applicable where a statute authorizes an appeal of an agency or department determination.

2

insofar as no hearing was requested and there were no facts in dispute—the court accepted petitioner's presentation of the facts as true, but concluded that those facts did not support his legal claims. See Burton v. Jeremiah Beach Parker Restoration & Constr. Mgmt. Corp., 2010 VT 55, ¶ 12, 188 Vt. 583 (mem.) (concluding trial court did not err in not holding hearing when no hearing was requested and no factual disputes existed).

Finally, petitioner argues that he is being deprived of his constitutional right to equal protection because DOC is requiring him to complete a program without providing the proper support to accommodate his literacy skills and education level, and because he will not be eligible for work camp good time while enrolled in the program. Petitioner has failed to articulate any existing controversy. Along with its request for dismissal, DOC submitted an affidavit from petitioner's DOC caseworker indicating that petitioner had declined to participate in programming, and offering an evaluation for accommodation if petitioner chose to participate. Because petitioner is not actually participating in the program, any claims that petitioner will be denied accommodation in the program or will not properly accumulate good time are speculative and not ripe for review. See In re Robinson/Keir P'ship, 154 Vt. 50, 57-58 (1990) (explaining that courts do not render decisions about events that "may or may not occur in the future").

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice