2006 VT 16

# The Electric Man, Inc. v. George Charos and John Charos v. Ernest Salo and Linda Salo

[895 A.2d 193]

No. 04-542

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed February 10, 2006

*Elizabeth A. Boepple* of *Witten, Woolmington, Campbell, Boepple, Welford & Sawyer, P.C.*, Manchester Center, for Third-Party Plaintiffs-Appellees.

*Joshua L. Simonds* and *Gregory S. Mertz* of *Mertz, Talbott & Simonds, PLC*, Burlington, for Third-Party Defendant/Counter-claimant-Appellant.

¶ 1. **Dooley, J.** Contractor Ernest Salo appeals from a superior court order awarding him only a portion of his attorneys' fees, pursuant to Vermont's prompt payment act, 9 V.S.A. § 4007(c), against owners George Charos, John Charos, and Patricia Costello. The case arises out of a contract under which contractor was to remodel owners' house. Contractor prevailed below on his claims for breach of contract and conversion, and on owners' claims for defective workmanship, but the superior court did not award him all of his attorneys' fees. On appeal, contractor argues that the trial court erred when it: (1) separated out the percentage of the total verdict that represented the payment-withholding claim from the claims for

breach of contract and conversion, and awarded attorneys' fees under the prompt payment act only for that portion of the fees associated with the payment-withholding claim; and (2) specifically disallowed attorneys' fees associated with unsuccessful mandatory and voluntary mediation. We reverse and remand for imposition of a new attorneys' fee award.

¶ 2. In the spring of 2001, contractor entered into an oral contract with owners to expand owners' vacation home in Jamaica, Vermont. Contractor was to construct a one-story addition with two bedrooms, a bathroom, and a loft over an existing garage. The parties did not enter into a single, written contract regarding the construction, but instead made plans through a series of conversations and e-mail correspondence. Contractor began work on the project in early summer 2001. As work progressed, owners made periodic payments by check or cash, and contractor used the funds to buy supplies and pay employees. In September 2001, contractor requested additional funds from owners in order to complete the construction. At one point he left owners a ledger sheet marking expenses and payments received, and indicating that his unreimbursed out-of-pocket expenses were $2,600. Owners responded by leaving a message demanding that contractor stay away from the property or risk being arrested for trespass. As a result, contractor was unable to retrieve ladders and building materials he had left on the premises before the falling-out. On January 2, 2002, contractor's lawyer sent owners a letter detailing the amount contractor claimed was owed to him. The letter claimed a total of $7,231: (1) $3,218 for unreimbursed materials; (2) $3,040 for unreimbursed labor; and (3) $973 for three ladders owned by contractor but kept by owners. Owners paid no additional funds to contractor and eventually hired a new contractor to complete the project with modifications.

¶ 3. Due to the lack of payment by owners, contractor was unable to pay an electrical subcontractor who had worked on the home addition. Subcontractor, who is not a party in this appeal, eventually sued owners for the amount owed and filed a mechanics' lien on owners' property. Owners then impleaded contractor as a third-party defendant alleging breach of contract, among other reasons, for defective construction, and claiming compensatory and punitive damages. Contractor answered the third-party complaint and counterclaimed for breach of contract, unjust enrichment, conversion, and violation of Vermont's prompt payment act, 9 V.S.A. §§ 4001-4009. He sought the amount due under the contract,

payment for extras, sums for the value of materials and business equipment left on site, as well as interest and attorneys' fees pursuant to the statute.

¶ 4. Prior to trial, the parties engaged in both court-ordered and voluntary mediation, but neither led to a settlement and there was no agreement that either party would bear the costs associated with the mediation attempts. The case was tried to a jury, and the verdict was for contractor on each of his claims and against owners on each of theirs. The jury awarded contractor $1,000 for breach of contract, $600 for money wrongfully withheld by the plaintiffs in violation of the prompt payment act, and $4,941 for conversion of property, for a total award of $6,541.

¶ 5. In accordance with the favorable verdict, contractor filed a motion seeking attorneys' fees pursuant to 9 V.S.A. § 4007(c), prejudgment interest on the damages awards for breach of contract and conversion, interest under § 4002(d), penalties under § 4007(b), and attorneys' fees for bad faith litigation if statutory attorneys' fees were not awarded. After receiving subsequently ordered affidavits, the trial judge awarded prejudgment interest on the breach-of-contract award, but not on the conversion claim, and declined to award attorneys' fees based upon bad faith litigation. The court found contractor to be the "substantially prevailing party" within the meaning of § 4007(c), but limited its award of attorneys' fees and interest under the statute to an amount in proportion to that part of the overall judgment that represented recovery of the wrongfully-withheld contract payment. Finding that the contractor received a total judgment award of $6,541, of which $600, or about 10 percent, was for sums wrongfully withheld in violation of the prompt payment act, the court awarded contractor attorneys' fees only in the amount of $3,745, or approximately 10 percent, of his claimed $37,445.91 total for attorneys' fees. The court also noted that part of the attorneys' fees contractor claimed were for legal services in connection with the mediations and ruled it "[in]appropriate to award costs or fees for mediation to [contractor] because both parties are required to participate in mediation per Court order." Accordingly, the trial court did not award attorneys' fees for contractor's breach-of-contract claims and defenses, or for his conversion claim. Contractor now appeals this limitation on attorneys' fees under § 4007(c), and appeals the trial court's specific decision to deny attorneys' fees for mediation-related expenses.

¶ 6. Contractor bases his claim for attorneys' fees on the prompt payment act, which in relevant part provides that "the substantially prevailing party in any proceeding to recover any payment within the scope of this chapter shall be awarded reasonable attorneys' fees in an amount to be determined by the court or arbitrator, together with expenses." 9 V.S.A. § 4007(c). The statute creates an exception to the "American Rule," which generally provides that parties to litigation are responsible for their own attorneys' fees regardless of the litigation outcome. *Galkin v. Town of Chester*, 168 Vt. 82, 91, 716 A.2d 25, 31 (1998). Under the statute, if a party has substantially prevailed as specified in the statute, an award of attorneys' fees is mandatory. *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, ¶ 12, 178 Vt. 77, 872 A.2d 292. We review the trial court's ruling on the amount of attorneys' fees awarded for abuse of discretion. *Id.* ¶ 3.

¶ 7. Contractor argues that he is entitled to an award of all the attorneys' fees he incurred, including the fees necessary to meet and defeat owners' third-party claims, because the wording of § 4007(c) requires it, and because it is impossible to separate the dispute into component parts by cause of action as the trial court attempted. In general, we agree and begin our analysis with the second point.

¶ 8. Although the jury separated its verdict into three components in response to the jury charge and interrogatories, it had substantial flexibility in how it labeled the award, especially because the contract between contractor and owners was oral, with little specificity in its terms. Under the prompt payment act, the contractor is entitled to submit periodic invoices to the owner for progress payments, and the owner must pay invoices within twenty days. 9 V.S.A. § 4002(b), (c). Contractor claimed that his lawyer's letter of January 2002 was an invoice under the statute, and it sought a progress payment covering both labor and materials. Under the jury charge, the labor component could be covered in the verdict as breach-of-contract damages, damages for failure to make prompt payment on the invoice, or both. The materials component could be covered under breach of contract, failure to make prompt payment, or conversion. Only contractor's claim that owners kept some of his tools and equipment could not fit easily under the prompt-payment count.

¶ 9. We addressed a very similar situation in *L'Esperance v. Benware*, 2003 VT 43, ¶¶ 22-25, 175 Vt. 292, 830 A.2d 675. In that case, the tenants made eight claims against their landlords, including consumer fraud for renting a house that was known to be in violation of health and safety codes. The jury awarded compensatory and

punitive damages on this claim. The trial court awarded the tenants all of their attorneys' fees under the Consumer Fraud Act, 9 V.S.A. § 2461(b), even though they prevailed on other claims, including claims that the landlords failed to return a security deposit and were negligent in renting the house with unsafe water. In response to the landlords' argument that attorneys' fees could not be awarded for time spent on non-Consumer-Fraud-Act claims, the court held that all of the claims involved a common core of facts that justified awarding fees for all time spent on the case. We affirmed, holding:

> [P]laintiffs' lawsuit is not one which can be viewed as a series of discrete claims so that the hours expended can be divided on a claim-by-claim basis. In the practice of law, it is quite common to have several claims arise out of a common core of facts. . . . The court did not abuse its discretion in finding that the cases involved a common core of facts.

*Id.* ¶ 24 (citations and quotations omitted). In reaching this conclusion, we relied particularly on *Hensley v. Eckerhart*, 461 U.S. 424 (1983), an attorneys'-fees case under the federal Civil Rights Act in which the plaintiff had prevailed on some issues and not others. In response to the defendant's argument that the plaintiff could receive fees only for the claims on which plaintiff prevailed, the Court in *Hensley* noted:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.

*Id.* at 435. The Court also rejected the approach of comparing the number of issues on which plaintiff prevailed to the number of issues overall. *Id.* at 436 n.11 ("Such a ratio provides little aid in determining what is a reasonable fee in light of all relevant factors.").

¶ 10. Here, as in *L'Esperance*, the claims at issue share a common core of facts and multiple theories of recovery. Virtually all of the evidence is relevant to all of the claims. The lawsuit cannot "be viewed as a series of discrete claims." *L'Esperance*, 203 VT 43, ¶ 24. Apportioning the fee award based on the recovery on each claim was an abuse of the trial court's discretion.

¶ 11. We also agree with contractor's second point, that allowing full attorneys'-fees recovery where there is a common core of facts is consistent with the language of the statute. The statute authorizes contractor to recover attorneys' fees if he is the substantially

prevailing party "in *any* proceeding to recover *any* payment within the scope of this chapter." 9 V.S.A. § 4007(c) (emphasis added). Nothing in the statute limits attorneys'-fees recovery to representation associated with a payment-withholding claim, to the exclusion of recovery for representation for other claims, such as breach of contract, arising out of the same controversy.

¶ 12. There are practical and policy reasons to apply the statute relatively broadly. A claim of failure to pay will virtually always be met with some defense that reflects a breakdown in the working relationship between the owner and the contractor — for example, as here, a defense of breach of contract or defective workmanship. In fact, the prompt payment act specifically contemplates owners withholding payments in good faith on grounds such as "unsatisfactory job progress, defective construction, disputed work or third-party claims." 9 V.S.A. § 4007(a). It will always be possible to use different labels and theories to describe claims and defenses. The purpose of the prompt payment act is to provide protection against nonpayment to contractors and subcontractors. See *R.W. Sidley, Inc. v. United States Fid. & Guar. Co.*, 319 F. Supp. 2d 554, 560 (W.D. Pa. 2004) (decided under virtually identical Pennsylvania statute). If the statute's attorneys'-fees authorization is read narrowly, as the trial court read it here, contractors and subcontractors will not be able to recoup collection costs even when they are found to have fully complied with their contractual obligations. Similarly, owners who demonstrate that they should not have to pay a contractor's bill because of nonperformance or poor-quality work may end up, through a narrow reading of the attorneys' fee provision, paying attorneys' fees that exceed the amount of their nonpayment. We believe that the Legislature intended a more effective remedy provision than the trial court allowed.

¶ 13. Significantly, our most relevant precedent, *DJ Painting, Inc. v. Baraw Enterprises, Inc.*, 172 Vt. 239, 776 A.2d 413 (2001), supports a broad reading of the attorneys'-fee authorization consistent with its remedial purpose. In *DJ Painting*, a painting subcontractor brought a breach of contract and wrongful termination action against the general contractor and the owner. The subcontractor made no claim under the prompt payment act. On summary judgment, the claims against the general contractor were dismissed because the subcontractor failed to submit them to arbitration as required by the contract. We affirmed the award of attorneys' fees to the contractor under § 4007(c) because the contractor was the substantially pre-

vailing party "in a 'proceeding to recover any payment' due under a construction contract." *Id.* at 247, 776 A.2d at 420. It made no difference to this conclusion that the subcontractor's theories of recovery were based on the common law — breach of contract and wrongful termination — and the contractor made no claim under the prompt payment act. *Id.* Nor was the contractor's recovery reduced because of the nature of the subcontractor's claims. *Id.* For the exact reason that the contractor was able to recover all of his attorneys' fees in *DJ Painting*, the contractor should be able to recover all of his fees in this case.

¶ 14. Before addressing the relief appropriate for the trial court's general error in addressing the attorneys'-fee award, we turn to contractor's additional argument that the court erred in failing to award fees related to mediation. The trial court ruled that it would not award attorneys' fees associated with mandatory or voluntary mediation in this case because "both parties must participate in such mediation." This rationale for refusing to award attorneys' fees in mediation activity is cryptic and, with respect to the voluntary mediation, partially inaccurate. Many of the steps in litigation are mandatory; we do not understand what differentiates mediation in that regard.

¶ 15. Our main difficulty with the court's reasoning, however, is that instead of justifying its denial of attorneys' fees for participation in mediation, its rationale speaks to why we should in fact allow such recovery. Mediation has become an important part of litigation in this state. See *Gates v. Gates*, 168 Vt. 64, 72, 716 A.2d 794, 800 (1998) (acknowledging crucial role of alternative dispute resolution in settling disputes). Our civil rules now require parties to attempt alternative dispute resolution in many types of civil cases, see V.R.C.P. 16.3(a)(2); usually this is mediation. The purpose of alternative dispute resolution in most cases is to achieve a voluntary settlement of the litigation without a trial and with as little litigation expense as possible. See *New Eng. Educ. Training Serv., Inc. v. Silver St. P'ship*, 148 Vt. 99, 101, 528 A.2d 1117, 1118 (1987) ("[C]ompromises of disputed liability are favored by the courts as a matter of public policy."); *Dutch Hill Inn, Inc. v. Patten*, 131 Vt. 187, 192, 303 A.2d 811, 814 (1973) ("Public policy ... strongly favors settlement of disputed claims without litigation."). To the extent we deny recovery for attorneys' fees for participating in mediation on prompt payment act disputes, we discourage parties from voluntary participation or encourage only minimal participation. For this

reason, other courts have held that attorneys' fees can be awarded for representation in mediation. See *Paris v. Dallas Airmotive, Inc.*, 2004 WL 2100227, at *8 (N.D. Tex.) (awarding fees for services of lawyer who specialized in mediation and noting that although no settlement resulted, decision to put special resources into mediation was reasonable); *E.M. v. Millville Bd. of Educ.*, 849 F. Supp. 312, 315 (D.N.J. 1994) (allowing attorneys' fees for work related to mediation). We agree that, absent an agreement between the parties that provides otherwise, attorneys' fees may be recovered for the participation in mediation in this case.

¶ 16. We also find no support in the statutory language for the court's decision with respect to representation in mediation. Section 4007(c) states that "the substantially prevailing party in *any proceeding*" shall recover reasonable attorneys' fees. *Id.* (emphasis added). To the extent that the language suggests dividing litigation into stages, mediation is clearly a "proceeding" and falls within the statute.

¶ 17. For the above reasons, we hold that the court erred in both limiting contractor's attorneys'-fee award to reflect the proportion of the recovery for violation of the prompt payment act and in denying recovery for legal fees related to mediation. Ordinarily, we would remand for the trial court to exercise its discretion and fashion an award in light of the considerations we have announced in this opinion. For example, the determination of whether there is a common core of facts, and to what extent, is normally entrusted to the trial court in the first instance. See *L'Esperance*, 2003 VT 43, ¶ 24 (affirming trial court's finding of a core of operative facts).

¶ 18. Nevertheless, we conclude that such a remand is unnecessary. The court found that contractor was the substantially prevailing party, so an award of attorneys' fees was mandatory. Contractor's fee request was supported by a lengthy and detailed affidavit of an experienced commercial litigator. The court did not question the reasonableness of the fees charged by contractor's counsel or the time expended in the litigation, and based its calculation on those fees. Neither the trial court nor the parties sought the kind of adjustment discussed in *L'Esperance*. Contractor apparently received close to the damages he sought, defeated all third-party claims, and recovered on every theory he raised. While the trial court may have indicated that the case was close and that owners' "claims were not meritless," a fee award is compensatory, so owners' good faith in pursuing their claims is not a significant factor.

Perhaps most importantly, we hold as a matter of law that there was a common core of facts shared among every claim on which contractor recovered. Thus, consideration of this question by the trial court is unnecessary.

¶ 19. The affidavits of contractor's counsel and the commercial litigator who served as contractor's expert witness on fees indicate that contractor incurred attorneys' fees of $43,244, some of which was for expenses. Contractor is entitled to an award of fees in this amount. In addition, contractor has sought an award of attorneys' fees for representation on appeal in accordance with Vermont Rule of Appellate Procedure 39(f). On appropriate motion in accordance with that rule, contractor is entitled to additional fees because he has prevailed on appeal.

*Reversed and remanded for proceedings consistent with this opinion.*