*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-408

JUNE TERM, 2013

| | | |
|---|---|---|
| Donald D. Dorr d/b/a D. Door Septic | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Paul M. LaCoste and Debra J. LaCoste | } | DOCKET NO. 14-1-11 Bncv |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant appeals the superior court's award of penalties under the Prompt Pay Act to plaintiff in this case involving a construction contract. We affirm.

In April 2008, defendant and plaintiff's son, who was managing plaintiff's construction business at the time, signed a written contract to provide crane and site preparation services related to the construction of a new metal building to house defendant's towing business, known as Paul's Towing. The contract specified the services and materials to be provided, and indicated that the cost for those services and materials would not exceed $47,500. Most of the work set forth in the contract was completed in the summer of 2008. Additional work was done in the spring of 2010. For reasons possibly related to plaintiff's son leaving his father's business, no invoices were sent to defendant until March 2010. Between March and September 2010, plaintiff sent defendant four invoices, with the final one seeking a total payment of $89,369, which included finance charges for past-due payments. Defendant made no payments in response to the invoices.

In January 2011, plaintiff sued defendant, seeking a principal amount of $84,056, plus pre-judgment and post-judgment interest, penalties, and attorney's fees and expenses. On March 7, 2011, plaintiff moved for leave to amend his complaint by reducing the principal amount owed to $47,500. By way of explanation, plaintiff stated that a written contract limiting the cost of his services to $47,500 had been discovered. On April 12, 2011, the trial court allowed the amended complaint. More than a year later, following a bench trial held on May 9, 2012, the trial court issued a decision in favor of plaintiff. The court entered a judgment for $68,715, which included pre-judgment interest and Prompt Pay Act penalties of 1% interest per month from March 7, 2011, the date plaintiff sought leave to file his amended complaint reducing the principal amount owed, to the date of the decision. In so ruling, the court concluded that plaintiff had satisfactorily completed all of the work under the contract by May 2010, that defendant was liable to plaintiff for the contract amount of $47,500, and that plaintiff was entitled to penalties under the Prompt Pay Act because defendant had wrongfully withheld payment of the contract price since March 7, 2011, when it was clear that plaintiff was seeking only that amount. Defendant filed a motion to amend, arguing that the court erred by imposing Prompt Pay Act

penalties because plaintiff had never sent him an invoice limited to the contract price. The trial court denied the motion, stating that plaintiff's "amended complaint was in essence a 'corrected invoice' for purposes of" the Prompt Pay Act and therefore his payment was due at the end of the billing period following the filing of the amended complaint. On appeal, defendant argues that the trial court erred by concluding that the amended complaint could substitute for a proper invoice, by not considering that he had legitimate grounds for withholding payment of the contract price, and by not concluding that he was the prevailing party in the lawsuit.

Before addressing these arguments, we review the relevant provisions of the Prompt Pay Act, 9 V.S.A. §§ 4001-4009. The purpose of the Act "is to provide protection against nonpayment to contractors and subcontractors." Elec. Man, Inc. v. Charos, 2006 VT 16, ¶ 12, 179 Vt. 351. The owner of property on which work is performed is obligated to pay the contractor "strictly in accordance with the terms of the construction contract." 9 V.S.A. § 4002(a). If the construction contract does not contain terms of payment, the contractor is "entitled to invoice the owner for progress payments at the end of the billing period." Id. § 4002(b). "If an invoice is filled out incorrectly, or incompletely, or if there is any defect or impropriety in an invoice submitted, the receiving owner . . . shall contact the invoicing contractor . . . in writing within ten working days of receiving the invoice," or such "errors will be deemed waived." Id. § 4004. If the contractor corrects an error on the invoice, "the date on which the corrected invoice is delivered shall be deemed the end of the billing period." Id. "Except as otherwise agreed, payment of interim and final invoices shall be due from the owner, 20 days after end of billing period or 20 days after delivery of invoice, whichever is later." Id. § 4002(c). Nothing in the Act "shall prevent an owner [or] contractor . . . from withholding payment in whole or in part under a construction contract in an amount equalling the value of any good faith claims against an invoicing contractor." Id. § 4007(a) (emphasis added).

Defendant first argues that the trial court erred by treating plaintiff's complaint as an amended invoice for purposes of the Prompt Pay Act. According to defendant, the duties of the owner and contractor under the Act are keyed to a correct invoice sent in good faith. In this case, he argues, he should not be penalized under the Act when plaintiff never sent him a correct invoice, and plaintiff should not be rewarded for seeking the contract price only after defendant answered his complaint. We find these arguments unavailing. There is no evidence in the record that plaintiff's original invoices were sent in bad faith; indeed, the evidence suggests that plaintiff was unaware of the contract amount because of the transition in management after his son left his employ. Plaintiff submitted several invoices to defendant for work done. There is no evidence in the record that defendant contacted plaintiff "in writing within ten days" of receiving any of the invoices to have them corrected. Id. § 4004. Nor is there any evidence indicating that defendant withheld only that "amount equalling the value of any good faith claims against" plaintiff." Id. § 4007(a). To the contrary, defendant withheld all payment to plaintiff. The court found that when plaintiff discovered the contract between the parties, he amended his complaint to seek payment according to the contract price. In effect, the court treated the amended complaint, taken together with the earlier invoices, as a corrected invoice. In short, defendant did not comply with the provisions of the Prompt Pay Act either in challenging the original invoices or withholding payment.

Based on essentially the same analysis, we reject defendant's second argument that the trial court erred by not considering his legitimate grounds for withholding payment of the contract amount. Defendant lists the following grounds for withholding payment: (1) he was originally billed much more than the contract price; (2) he never received an invoice for the

contract amount; (3) he was facing the substantial threat of litigation; (4) the work was not completed until May 2010; and (5) the written contract did not specify terms of payment. The first two reasons are dealt with above—defendant received invoices but never timely sought in writing to correct them and did not limit withholding of payment to an amount equaling any good faith claims he had against plaintiff, as required by the Act. As for the threat of litigation, that always exists in contractual disputes of this nature. If defendant had complied with the Act's provisions, litigation may have been avoided. Although the work was not completed until May 2010, the final pre-litigation invoice did not arrive until after then, and, as noted, defendant failed to timely challenge the invoice or to withhold payment of only the disputed amount. As for the absence of terms of payment in the contract, when a written contract does not specify terms of payment, § 4002(c) requires payment of invoices within "20 days after end of billing period or 20 days after delivery of invoice, whichever is later."

Finally, defendant argues that the trial court erred by not considering him the prevailing party, considering that plaintiff received much less than the amount he sought in his original complaint. We find no merit to this argument. Defendant withheld any and all payment to plaintiff, prompting plaintiff to sue defendant. Even after plaintiff amended his complaint to seek only the price set forth in the contract he apparently had just discovered, defendant made no payments but instead elected to defend against the lawsuit at trial. Although plaintiff ultimately did not obtain the damages that he sought in his original complaint, he was awarded the full contract price and the amount sought in his amended complaint. Plaintiff was plainly the prevailing party, and the trial court acted well within its discretion in considering him to be the prevailing party for purposes of the Prompt Pay Act. See Nystrom v. Hafford, 2012 VT 60, ¶ 20 (noting that "trial courts have significant discretion in identifying the prevailing party" in Prompt Pay Act cases).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice