*J&K Tile Co. v. Wright & Morrissey, Inc.*, No. 208-3-16 Cncv (Mello, J., May 31, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No. 208-3-16 Cncv |

J&K TILE COMPANY,
     Plaintiff,

v.

WRIGHT & MORRISSEY, INC,
     Defendant.

### RULING ON POST-JUDGMENT MOTIONS FOR ATTORNEY'S FEES

Following a bench trial in September of 2017, the court on February 23, 2018, issued its "Ruling on the Merits and on Pending Motions," adjudicating the several claims and defenses asserted by the parties in this matter. Based on those rulings, the court also entered a judgment ordering:

> [T]hat the Plaintiff recover of the Defendant damages in the amount of $42,000, plus pre-judgment interest in the amount of $12,180, for a total of $54,180 on its claim that Defendant breached the parties' Memorandum of Understanding, and

> [T]hat the Plaintiff also recover of the Defendant $650.22 in interest on Plaintiff's claim that Defendant violated the Prompt Pay Act, and

> [T]hat Defendant have judgment in its favor on its Counterclaim asserting that the Plaintiff had no good-faith basis for claiming that Defendant breached its contractual obligations by refusing to mediate, and

> [T]hat Defendant may, within fifteen days from the date hereof, apply to the Court for an award of attorney's fees that Defendant reasonably and necessarily incurred in defending itself against Plaintiff's claim that Defendant breached its contractual obligations by refusing to mediate, and

> [T]hat all other claims and counterclaims in this action be, and they hereby are DISMISSED with prejudice, each party to bear its own costs and, except as otherwise provided above, attorney's fees.

Judgment of February 23, 2018.

Presently before the court are: (1) Plaintiff J&K Tile Company's "Motion for Extension of Time for a Fee Application, or in the Alternative, Request for Attorney's Fees;" (2) Defendant Wright & Morrissey, Inc.'s "Motion for Entry of Judgment;" (3) Plaintiff's "Motion to Amend Judgment;" and (4) Defendant's "Cross-Request for an Award of Fees and Expenses to Defendant Under the Prompt Pay Act." In these motions, each party seeks an award of its attorney's fees pursuant to the Prompt Pay Act.

Plaintiff contends that it is entitled to an award of its attorney's fees because this dispute is governed by the Prompt Pay Act, the Act requires an award of attorney's fees to the substantially prevailing party, and it was the substantially prevailing party in this case. Defendant denies that the Plaintiff's claims in this case were covered by the Act and denies that the Plaintiff was the prevailing party in this case. Therefore, Defendant opposes Plaintiff's request for attorney's fees. In addition, Defendant contends that it is entitled to an award of the attorney's fees it incurred in defending itself against Plaintiff's "failure to mediate" claims because the court dismissed that claim and held that the claim had been filed in bad faith.

As the name implies, Vermont's Prompt Pay Act requires that contractors and subcontractors receive prompt payment for work performed under construction contracts. The term "construction contract" is defined broadly to mean "any agreement, whether written or oral, to perform work on any real property located within the State of Vermont." 9 V.S.A. § 4001(5). The Act provides that "[p]erformance by a subcontractor in accordance with the provision of its contract shall entitle it to payment from the party with which it contracts," Id. § 4003(a), and the Act sets forth time limits within which that payment must be made, Id. § 4003(b) and (c). In addition, the Act provides that, if retainage is withheld from a contractor during the course of a construction project, then the contractor must pay to its subcontractor the full amount of retainage due to the subcontractor within seven days after the contractor receives its retainage from the owner. Id. § 4005(c). Lastly, the Act provides:

> Notwithstanding any contrary agreement, the substantially prevailing party in any proceeding to recover any payment within the scope of this chapter shall be awarded reasonable attorney's fees in an amount to be determined by the court or arbitrator, together with expenses.

Id. § 4007(c).

This case was a proceeding within the scope of the Prompt Pay Act, inasmuch as the Plaintiff brought this suit to recover amounts alleged to be owed to it under a Memorandum of Understanding, which the parties entered into in the course of the construction of the RiverRun apartment building in Winooski, Vermont, and under the Prompt Pay Act. Defendant was the general contractor for that construction project, and Plaintiff was its flooring subcontractor. Therefore, the attorney's fee provision of the Prompt Pay Act applies. Birchwood Land Co. v. Ormond Bushey & Sons, Inc., 2013 VT 60, ¶ 21, 194 Vt. 478 ("The purpose of the prompt payment act is to provide protection against nonpayment to contractors and subcontractors.").

2

Defendant contends that Plaintiff cannot be awarded attorney's fees under the Act because the Act only applies to construction contracts. According to the Defendant, the only construction contract the parties ever entered into was their "Standard Form of Agreement Between Contractor and Subcontractor" dated December 11, 2014 (Exhibit 1A). Defendant contends that the Memorandum of Understanding of April 16, 2015 (Exhibit 4), upon which Plaintiff based the claim on which it obtained a judgment for $42,000 plus interest in its favor, was not a construction contract. Therefore, Defendant concludes that Plaintiff cannot be awarded attorney's fees under the Act.

Defendant's contention is without merit. The Memorandum of Understanding was entered into at a point in the construction project when Defendant was considering whether to exercise its right under the Subcontract to "suspend, delay or interrupt" Plaintiff's flooring work for some period of time. Under the Subcontract, if Defendant invoked that right, then Plaintiff was entitled to "an equitable adjustment of the Subcontract Time and Subcontract Sum" (Exhibit 1A, § 7.3.1). The purpose of the Memorandum of Understanding was to establish what that equitable adjustment would be under various potential scenarios. The Memorandum of Understanding clearly qualifies as a "construction contract," which is defined by the Act as "any agreement … to perform work on any real property within the State of Vermont." 9 V.S.A. § 4001(5). Therefore, Plaintiff is entitled to an award of its attorney's fees under § 4007(c) of the Act, if it was the "substantially prevailing party" in this case.

The Vermont Supreme Court has held that a trial court should employ the "common core of facts" analysis in deciding whether a party substantially prevailed in a construction contract dispute. Nystrom v. Hafford, 2012 VT 60, ¶ 24, 192 Vt. 300 ("We reaffirm our prior holding that a fee award should *not* be apportioned among claims that arise from a common core of fact…. However, as a threshold matter, trial courts must consider and determine which claims do, in fact, arise from a common core of facts insofar as the evidence relevant to those claims is the same." (citing The Electric Man, Inc. v. Charos, 2006 VT 16, ¶ ¶ 10 and 17, 179 Vt. 351)).

Employing the "common core of facts" analysis, there were three distinct groups or categories of claims and defenses asserted in this case. The first group consisted of the following claims that Plaintiff asserted against Defendant: Plaintiff's claim for $8,150 to cover expenses allegedly incurred to remobilize its forces after Defendant imposed its April 22, 2015 work suspension; and Plaintiff's claim for $42,000 to cover its expenses allegedly incurred for working 21 days beyond May 21, 2015. Both of those claims arose out of the Memorandum of Understanding, and both were triggered by Defendant's suspension order. These claims fall within § 4003(a) of the Prompt Pay Act, which, as noted earlier, provides that "[p]erformance by a subcontractor in accordance with the provisions it its contract shall entitle it to payment from the party with which it contracts."

The second group or category of claims consisted of Plaintiff's claim that Defendant violated § 4005 of the Prompt Pay Act by allegedly delaying Plaintiff's payment of its retainage.

That claim arose out of an entirely separate set of facts, and an entirely separate provision of the Prompt Pay Act, from the first group of claims.

The third group or category of claims consisted of Plaintiff's claim that Defendant breached the parties' Subcontract by allegedly refusing to mediate, and Defendant's counterclaim contending that Plaintiff had no good-faith basis for asserting such a claim. That claim and counterclaim arose out of an entirely separate set of facts from the first two categories of claims.

Plaintiff was clearly the substantially prevailing party on the first group or category of claims. Plaintiff succeeded in establishing that the Memorandum of Understanding was an enforceable contract, Plaintiff defeated Defendant's counterclaim, which alleged that Plaintiff had been overpaid for its work on the construction project, and Plaintiff prevailed on its claim that it was entitled to an additional $42,000 for having to work 21 days beyond May 21, 2015. Although Plaintiff did not prevail on its claim for an additional $8,150 in "remobilization" costs, a party need not succeed on all of its claims in order to quality as the "substantially prevailing party." Reed v. Zurn, 2010 VT 14, ¶ 16, 187 Vt. 613 (mem.). Therefore, the Plaintiff is entitled to recover its attorney's fees necessarily and reasonably incurred litigating that group or category of claims.[1]

As to the second group or category of claims (Plaintiff's late payment of retainage claim), neither party substantially prevailed. Although Plaintiff succeeded in showing that Defendant had wrongfully demanded a waiver of claims before it would pay Plaintiff's undisputed retainage, Defendant succeeded in showing that it cured the violation by withdrawing its demand for a release, and paying the retainage in full, less than four months later and well before Plaintiff filed this lawsuit. The court awarded Plaintiff interest for the nearly four-month delay in the payment of Plaintiff's retainage, but the court denied Plaintiff's request for statutory penalties or attorney's fees because Defendant had already cured its default well before this suit was filed. See "Ruling on the Merits and on Pending Motions, p. 16. Because neither party substantially prevailed on that claim, neither party is entitled to an award of attorney's fees incurred in litigating that claim. Birchwood Land Company, 2013 VT 60, ¶ 36 ("[T]he trial court may decide that neither party substantially prevailed…. Contractor's status as the net victor – both in terms of number of claims and monetary award – does not compel a conclusion that it substantially prevailed under the statute.").

---

[1] As noted on page 1 of this decision, the court in its Judgment of February 23, 2018, ordered "each party to bear its own costs and, except as otherwise provided above, attorney's fees." Plaintiff is concerned that that language was intended to deny it the opportunity to apply for an award of attorney's fees under the Prompt Pay Act. Therefore, Plaintiff included in one of its pending post-judgment motions a request that the court alter, amend or clarify its Judgment on this issue. The court grants the request. It was not the court's intent to deny either party the opportunity to apply for an award of attorney's fees under the Act. Because an award of fees to the substantially prevailing party is mandatory under the Act, the court agrees that a supplementary judgment is needed and appropriate. To the extent that the court's Judgment is unclear on that issue, this footnote provides the required clarification.

On the third and last group or category of claims (Defendant's alleged refusal to mediate), the Defendant clearly was the substantially prevailing party. The court not only rejected Plaintiff's contention that Defendant had wrongfully refused to mediate, but also held that Plaintiff had had no good-faith basis for asserting the claim in the first place. Ruling, p. 16. Therefore, Defendant is entitled to an award of the attorney's fees it reasonably and necessarily incurred in defending against that claim.

The first group or category of claims, related to the Memorandum of Understanding, comprised by far the largest part of this case in terms of factual and legal complexity. The great majority of the time spent by the attorneys was, therefore, devoted to those claims and defenses. Based upon the court's review of Attorney Hall's time and billing records, the court finds that these claims necessitated 135 hours of Attorney Hall's time on the case, and about $3,500 of the expenses incurred by his firm. The court also finds that Attorney's Hall's hourly rate of $275 is reasonable, in light of his experience, the complexity of the issues, and the outcome achieved. Therefore, the court will award Plaintiff $37,125 in attorney's fees plus $3,500 in expenses under 9 V.S.A. § 4007(c), for a total of $40,625.

The issue on which the Defendant prevailed (i.e., Plaintiff's refusal to mediate claim), by contrast, comprised a very small part of this case. The issue was not complicated, either factually or legally. No more than 15 hours of Attorney Clapp's time was needed to address that issue. The court finds that Attorney Clapp's hourly rate of $300 is reasonable in light of his experience, particularly in construction disputes, and the outcome achieved. Therefore, the court will award Defendant $4,500 under § 4007(c) for attorney's fees incurred in successfully defending itself against that discrete claim.

Plaintiff argues that the Defendant cannot be awarded attorney's fees because Defendant failed to file its request for attorney's fees within the 14-day time limit set forth in V.R.C.P. 54(d)(2)(B). For two reasons, the court rejects Plaintiff's contention. First, the 14-day deadline in Rule 54 does not apply because the court in its Judgment gave Defendant 15 days to file its fee request. Secondly, while it is true that the Defendant missed that deadline by one day, the court accepts Attorney Clapp's explanation that he came to the courthouse to file the fee application on the day it was due, but arrived just minutes after the court had closed for the day. In light of the fact that Attorney Clapp had tried to file the application on time but was unable to do so because the clerk's office had just close, and because he returned to the court again the next day to file the application, the court will retroactively extend the 15-day deadline by one day pursuant to V.R.C.P. 6(b).

Plaintiff raises a second reason for denying attorney's fees to the Defendant. Plaintiff contends that Defendant's claim, that it is entitled to an award of fees incurred in defending against a claim that should never have been brought in the first place, is governed by Rule 11. Because Defendant failed to comply with Rule 11's so-called safe-harbor requirement, Plaintiff contends that the Defendant cannot be awarded any fees. The court does not need to address whether the Defendant can recover its fees under Rule 11, however. Because the court has

determined that Defendant is entitled to an award of fees as the "substantially prevailing party" under the Prompt Pay Act, Rule 11 is irrelevant.  Therefore, Plaintiff's objection is overruled.

In light of the foregoing, the court will enter a supplementary judgment in Plaintiff's favor for the net difference of $36,125 (i.e, the $40,625 awarded above to Plaintiff minus the $4,500 awarded above to the Defendant).

SO ORDERED this 31ST day of May, 2018

_____
Robert A. Mello
Superior Court Judge